IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLARK BOYER #337-132                          *
       Plaintiff,
                                                 *

    v.                                          CIVIL ACTION NO. AW-06-2980
                                                 *

CORRECTIONAL MEDICAL SERVICES
       Defendant                            *
.

******

**MEMORANDUM**

Before the Court is a pro se complaint filed under 42 U.S.C. §1983 by Plaintiff Clark Boyer,

a Maryland prisoner incarcerated at the Jessup Pre-Release Unit ("JPRU"). Defendant Correctional

Medical Services, Inc. ("CMS") by its counsel has filed a dispositive Motion to Dismiss or, in the

Alternative, for Summary Judgment with supporting exhibits (Paper No. 12), [1] which Plaintiff has

opposed.[2] (Paper No. 14). Upon review of the pleadings, exhibits, and applicable law, the Court

will grant Defendants' Motion. No hearing is necessary. *See* Local Rule 105.6. (D. Md. 2004).

**I. Background**

Plaintiff filed this action on November 8, 2006, seeking money damages and injunctive relief

mandating that he be provided surgery to correct an inguinal hernia.[3] (Paper No. 1). He claims

entitlement to the surgery on the grounds that he is in "severe pain," has gained weight because he

cannot perform vigorous exercise, and will be limited as to the work he can perform after release

---

[1] Defendant relies on materials beyond the scope of the complaint, and the motion shall be construed pursuant to Fed R. Civ. P. 56.

[2] Although titled "Motion to Proceed or, in the Alternative, for Summary Judgment," Plaintiff's pleading is in fact an opposition to CMS's dispositive motion.

[3] Plaintiff alleges the Warden failed to investigate his Administrative Remedy Procedure ("ARP") complaint concerning this aspect of his medical care. The Warden has not been named as a defendant in the complaint and, in any event, the failure to process an ARP does not state a cognizable constitutional claim based on the allegation contained in Plaintiff's complaint.

from incarceration.  (Paper No. 14).

Counsel for the Medical Defendants has submitted the declaration of Dr. Bolaji Onabajo and verified exhibits, including Plaintiff's medical records.  The records indicate that Plaintiff had a hernia at the time he entered the Maryland Division of Correction ("DOC") on July 25, 2006. (Paper No. 12, Exhibit B at 2).  Upon admission to the DOC's Maryland Reception Diagnostic and Classification Center ("MRDCC"), he was prescribed a stool softener to prevent unnecessary straining during bowel movements, which would increase intra-abdominal pressure on the hernia. (*Id.*, Exhibit B at 1-5, 9 and 12).  It appears Plaintiff was transferred from MRDCC to JPRU.  On September 18, 2006, he filed a sick call slip stating he had a "bad hernia" that was "getting worse every day" because it needed to be "sewed up."  Dr. Onabajo examined Plaintiff and noted some swelling of the left inguinal area.  The doctor found the area to be non-tender and further found that the hernia was reducible (could be pushed back into place inside the abdominal cavity).  The doctor ordered a hernia belt (truss) and educated Plaintiff about his condition.  The belt, which presses against the hernia to keep it reduced (inside the body cavity) was provided to Plaintiff on September 22, 2006.  (*Id.*, Exhibit B at 6-7, 10-11, and 13).

On October 14, 2006, Plaintiff filed a sick call slip complaining of serious pain from the hernia and stating it needed to be "fixed."  Dr. Onabajo found the hernia unchanged and informed Plaintiff that he did not need surgery at that time, and that he should continue to use the hernia belt. (*Id.*, Exhibit B at 8 and 11).

## II.  Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." The Supreme Court has clarified that this does not mean that any

factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon

the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d

514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e).  The court should

"view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility."  *Dennis v. Columbia*

*Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide

by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses

from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986)).

To state a constitutional claim under the Eighth Amendment for denial of medical care, a

prisoner must demonstrate that the defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Id.* Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U. S. at 837.

A health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Generally, a prisoner's disagreement with medical personnel over the course of his treatment does not constitute a constitutional cause of action. *See Wright v. Collins*, 766 F. 2d 841, 849 (4th Cir. 1985).

**III. Analysis**

### 1. Correctional Medical Services

Correctional Medical Services is a private corporation that has contracted with the State of Maryland to provide medical services to certain state institutions, and administers medical care only through its agents and employees, and may not be held liable based on respondeat superior given

the facts alleged. 436 U.S. at 691-94.  Plaintiff proffers no evidence that alleged deficiencies in

medical care were based on corporate policy or pattern of practice. The liability attributed to CMS

is vicarious in nature and cannot be raised in a §1983 action.[4]  As a matter of law, CMS is entitled

to summary judgment.

The Court's inquiry, however, does not end there.  Upon review of the facts presented here,

none of which is in dispute, the court finds that Plaintiff has failed to demonstrate how the

conservative medical treatment provided by Dr. Onabajo amounted to deliberate indifference to his

medical needs.  The record shows that Plaintiff's inguinal hernia was a pre-existing condition, and

that conservative treatment is adequate to reduce the hernia and prevent constriction of the intestine.

While Plaintiff disagrees with this treatment and would prefer surgical repair, such disagreement,

without more, does not state a cognizable claim under the Civil Rights Act.

There are no facts presented here to establish that Dr. Onabajo or other unnamed CMS

medical personnel acted with deliberate indifference to Plaintiff's hernia, or that the treatment he

received amounted to constitutionally inadequate care.   Prison medical personnel must, of course,

continue to evaluate Plaintiff as necessary and will be obligated to provide more aggressive treatment

should the hernia worsen.  The care rendered to date, while not to Plaintiff's satisfaction, is

constitutionally adequate.

---

[4] For reasons stated herein, even if CMS were vicariously liable, Plaintiff's allegations do not establish a constitutional violation.

**IV.    Conclusion**

For the above stated reasons, the Court will grant enter summary judgment in favor of

Defendant and against Plaintiff.   A separate Order consistent with this Memorandum follows.

Date: June 13, 2007                                    _____/s/_____

                                                       Alexander Williams, Jr.
                                                       United States District Judge